## JOHN KRITZNER, RESPONDENT, *v.* J. M. WARNER, APPELLANT.

CONTRACT, LIABILITY ON.—Where the contract declared on is joint, and there is no evidence showing that one of the parties sued was party to the contract, he cannot be made liable on the contract. His receipt of money on account of the work done, is not enough to fix his liability. This is a mere circumstance to be left to a jury, on the question of his being a party to the contract.

APPEAL from the Fifth Judicial District.

This was an action brought by Kritzner, the plaintiff, against the defendants, Warner & Smith, to recover the sum of $1010 44, for lumber furnished and work and labor done, in and about the erection of the Insane Asylum, at Stockton, in October and November, 1852. The defendants answered separately, denying all indebtedness to the plaintiff.

On the trial the plaintiff offered the testimony of Nelson Taylor, Luke Vickers and others, showing, among other things, "that the Trustees of the Asylum made a contract with the defendant Smith to build said Asylum, and furnish all the materials; that they had no agreement with the defendant Warner, and did not look to him in the matter; and that plaintiff contracted with Smith alone," etc. After the plaintiff had closed his case, the defendant's counsel asked the Court to nonsuit the plaintiff, because the work was done and the materials furnished under a special [232] agreement; and because the plaintiff *failed to perform the same on his part, as appeared from the evidence, and, at all events, that the defendant Warner, was

entitled to judgment in this action under the proof given, as the work was done and the materials furnished for Smith, and no privity of contract was shown between plaintiff and Warner. The Court refused to grant the motion, and defendant's counsel excepted.

The defendants then offered testimony, showing that plaintiff contracted with Smith alone; that he had not complied with the terms of the contract on his part, etc.; and, among other things, asked the Court to instruct the jury, "That if the jury should find the contract to do the work was made with Smith alone, and not with Warner, then they must find in favor of the defendant Warner." This instruction the Court refused to give, and stated to the jury that if they should find Warner had received any money on account of the work done on the Asylum, that he was also liable in this action. To which refusal and instruction the defendants excepted. The jury found a verdict for plaintiff for $835 44, with per centage and costs, for which judgment was entered against both defendants. Defendants moved for a new trial, which was refused, whereupon the defendant Warner appealed to this Court.

*Halleck, Peachy, Billings & Park*, for Warner, Appellant.

The Court below erred in refusing the nonsuit; in refusing to charge the jury as requested; in giving the charge excepted to, and in refusing to grant a new trial. There was no evidence that Warner *had* received any money, etc.

*C. E. Mount*, for Respondent.

There must have been such evidence, or the Court would not have so charged.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The Court erred in refusing to instruct the jury, as requested by the defendants. The contract declared upon

was joint, and if Warner was not a party to it, he, [233] at least, could not be lia-*ble. Nor would· the reception of money by Warner, on account of the work done, be sufficient to fix his liability. It would be, at most, a mere circumstance, which should be left to the jury, tending to show that he may have been a party to the contract, if there was any controversy on that point.

Judgment reversed, and cause remanded.